IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **RICKY SCOTT FIELDS,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | Civil Action No. 3:06-CV-0115-L |
| | § | |
| **JUDGE JOE LEONARD,** | § | |
| | § | |
| **Defendant.** | | |

**MEMORANDUM OPINION AND ORDER**

This is a pro se civil rights case brought by Plaintiff Ricky Fields ("Plaintiff" or "Fields"), a former inmate in the Hunt County Jail. Plaintiff was charged with causing injury to an elderly person arising out of a domestic dispute he had with his grandmother. During his trial, Plaintiff began talking during his grandmother's testimony, and had a confrontation with his defense counsel. Defendant Joe Leonard, the state district judge at Plaintiff's trial, cited Plaintiff for contempt of court and incarcerated him for 30 days when Plaintiff refused to obey the judge's order to remain silent. Plaintiff brings this action contending that his civil rights were violated.

Pursuant to 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this action was referred to the United States Magistrate Judge for proposed findings and recommendation. On February 13, 2006, the Findings and Recommendation of the United States Magistrate Judge ("Report") were filed. Fields filed Plaintiff's Written Objections to Magistrate Judge's Findings and Recommendation ("Objections") on February 21, 2006.

The magistrate judge determined that Plaintiff is precluded from maintaining a civil rights action under 42 U.S.C. § 1983, as no court has ever determined that the terms of Plaintiff's

confinement for contempt were invalid. *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994). Plaintiff admits that he never challenged his contempt conviction on direct appeal or state collateral review. The magistrate judge recommends, therefore, that Plaintiff's complaint be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.

In his Objections, Plaintiff contends that: (1) Judges are not immune from suits for equitable relief; (2) the magistrate judge misleads the court by asserting that Plaintiff's lawsuit against Defendant is based on a history of judicial bias and discrimination; (3) the magistrate judge's statement that Plaintiff's lawsuit is based on Defendant's history of judicial bias misconstrues Plaintiff's complaint as outlandish and unsubstantiated on its face; (4) the magistrate judge's note in his Report that Plaintiff may challenge his contempt conviction through state habeas corpus proceeding is inapplicable to this case, as such a challenge only applies to cases of continuing contempt incarceration; (5) the application of *Heck v. Humphrey* to this case is misplaced as Plaintiff does not challenge the validity of confinement, but the circumstances of "previous confinement." Objection at 9; (6) the magistrate judge's reliance on *Sarlund v. Anderson*, 205 F.3d 973 (7th Cir. 2000) and *Crenshaw v. Jones*, No. 3-02-CV-0953-H, 2003 WL 21662824 (N.D. Tex. July 14, 2003) as authority that applies the *Heck* principle to contempt proceedings is erroneous, as these cases are unconstitutional under *Heck*; and (7) the magistrate judge's findings fail to address Plaintiff's claims under 28 U.S.C. § 2201.

Plaintiff seeks a declaratory judgment that Defendant violated Plaintiff's constitutional rights and seeks to recover damages for the violation pursuant to 42 U.S.C. § 1983. To the extent that Plaintiff is complaining of Defendant's actions as the trial judge, Plaintiff is foreclosed from

bringing this claim as Defendant has judicial immunity. A judge is absolutely immune from suit for damages resulting from any act of a judicial nature. *Forrester v. White,* 484 U.S. 219, 225 (1988); *Brewer v. Blackwell*, 692 F.2d 387, 396 (5th Cir. 1982). This immunity shields judges unless they act either in the clear absence of all jurisdiction over the subject matter or in a nonjudicial capacity. *Stump v. Sparkman*, 435 U.S. 349, 357 (1978). In determining the judicial nature of an act, the court inquires whether (1) the act complained of is a normal judicial function; (2) the events occurred in the judge's court or chambers; (3) the controversy centered around a case then pending before the judge, and (4) the confrontation arose directly and immediately out of a visit to the judge in his judicial capacity. *Brewer*, 692 F.2d at 396-97 (citations omitted). Judge Leonard is judicially immune from Plaintiff's suit. Judge Leonard ordered Plaintiff to be silent during the trial, and cited Plaintiff for contempt when he failed to comply with the judge's order. The controversy arose directly and immediately before the judge in his judicial capacity.

Plaintiff asserts in his Objections that judges are not immune from suits from prospective equitable relief. Plaintiff is correct that immunity does not insulate a judge in such cases. *See Society of Separationists, Inv. v. Herman*, 939 F.2d 1207, 1219 (5th Cir. 1991). Plaintiff, however, is not seeking prospective equitable relief. Regardless of how Plaintiff's claims are couched, it is clear that Plaintiff is seeking damages for Defendant's alleged violation of his rights at the trial. As Defendant has absolute immunity, Plaintiff's objection as to this issue, must be overruled.

Regarding Plaintiff's confinement for contempt, issuing a judgment of contempt is a normal judicial function. *See Adams v. McIlhany*, 764 F.2d 294, 298 (5th Cir. 1985). Defendant, therefore, has absolute immunity from suit for damages resulting from citing and confining Plaintiff for contempt. Defendant issued the judgment of contempt in his court, during a case that was before

**Memorandum Opinion and Order – Page 3**

him, and the confrontation arose directly and immediately before Defendant in his judicial capacity. Further, Plaintiff cannot bring an action challenging the legality of the confinement until a state court or federal habeas court has determined that the terms of confinement are in fact invalid. *See Heck*, 512 U.S. at 487. Thus Plaintiff cannot bring this action until the conditions of *Heck v. Humphrey* are met. Plaintiff's objection as to his confinement for contempt, therefore, must also be overruled.        Having reviewed the pleadings, file and record in this case, the findings of the magistrate judge, and having considered Plaintiff's objections thereto, the court determines that the findings of the magistrate judge are correct. They are therefore **accepted** as those of the court. Plaintiff's Objections are **overruled**. Accordingly, Plaintiff's complaint is **dismissed with prejudice** until the conditions of *Heck v. Humphrey* are met, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), as Plaintiff has failed to state a claim upon which relief can be granted.[*]

**It is so ordered** this 28th day of February, 2006.

Sam A. Lindsay
United States District Judge

---

[*]Although not addressed by the magistrate judge, the court determines that judicial immunity is an alternative ground for dismissing Plaintiff's claims for declaratory relief and damages.

**Memorandum Opinion and Order – Page 4**